UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CONCHITA A. CARRIZALES,<br><br>　　　　　Defendant. | NO. CR-02-0296-EFS<br>[NO. CV-05-0164-EFS]<br><br>**ORDER DISMISSING DEFENDANT'S MOTION UNDER 28 U.S.C. § 2255** |

BEFORE THE COURT is Defendant Conchita A. Carrizales' Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, (Ct. Rec. 44). Under Rule 4 of the Rules Governing Section 2255 Proceedings for the United States District Courts, Ms. Carrizales' motion is hereby considered to determine whether the Court should summarily dismiss the motion or order the Plaintiff to answer. *See* Rule 4(a), 28 foll. § 2255.

　　Section 2255 of Title 28 allows a prisoner in custody to attack a sentence on the grounds that such sentence was imposed in violation of the federal constitution or law, the Court did not have jurisdiction to impose such a sentence, the sentence was in excess of the maximum authorized by law, and/or otherwise subject to collateral attack.  28

ORDER ~ 1

U.S.C. § 2255.  Yet, in order to bring such a suit, the petitioner must file suit within a year of:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Id.  The Court finds Ms. Carrizales' petition was timely filed, following the Ninth Circuit's denial of her direct appeal. (Ct. Rec. 43.)

However, the Court finds Ms. Carrizales is not entitled to the requested habeas relief.  Ms. Carrizales seeks habeas relief on the grounds that because the United States Sentencing Guidelines are no longer mandatory the Court wrongfully denied Ms. Carrizales the benefit of safety valve.  Ms. Carrizales was sentenced to a mandatory minimum sentence of five years, consistent with the facts agreed to by Ms. Carrizales in the Plea Agreement and at the Change of Plea hearing.  The Court did not engage in any fact-finding that increased Ms. Carrizales' sentence beyond the maximum statutory penalty for the crime committed.  Ms. Carrizales' claim is meritless as *United States v. Booker*, 125 S. Ct. 738 (2005), does not bear on mandatory minimums.  *See United States v. Cardenas*, 405 F.3d 1046, 1048 (9th Cir. 2005); *see also Harris v. United States*, 536 U.S. 545, 557 (2002) (finding the Constitution permits judges to find facts giving rise to the mandatory minimum, so long as that

ORDER ~ 2

minimum remains below the maximum statutory penalty for the crime committed).

Accordingly, **IT IS HEREBY ORDERED:** Defendant's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody, **(Ct. Rec. 44),** is **DISMISSED WITH PREJUDICE.**

**IT IS SO ORDERED.** The District Court Executive is directed to enter this Order, CLOSE the accompanying civil file, and provide a copy of this Order to the Defendant:

>	Conchita A Carrizales
>	Reg.# 24811-112
>	FCI Dublin
>	5701 8th Street
>	Camp Parks
>	Dublin, CA 94568

**DATED** this    30th    day of June, 2005.


	S/ Edward F. Shea
	EDWARD F. SHEA
	United States District Judge

Q:\Criminal\2002\0296.habeas.deny.booker.safetyv.wpd

ORDER ~ 3